# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL SAMSON, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*, | § § § | |
| Plaintiff, | § § | |
| | § | Case No. 2:24-cv-02635 JMA-ARL |
| v. | § § | |
| DELTA BRIDGE FUNDING LLC, CLOUDFUND LLC, YELLOWSTONE CAPITAL LLC, FUNDRY LLC, INFUSION CAPITAL GROUP LLC, FUNDERBOLT CAPITAL LLC, JOHN DOE CORPORATIONS 1-100, DAVID GLASS, YITZHAK STERN, JEFFREY REECE, BARTOSZ MACZUGA, VADIM SEREBRO, MATTHEW MELNIKOFF and MARK SANDERS, | § § § § § § § § § § § § | DEFENDANTS MATTHEW MELNIKOFF AND MARK SANDERS' ANSWER AND DEFENSES |
| Defendants. | § § | |

Defendants Matthew Melnikoff ("Melnikoff") and Mark Sanders ("Sanders"), by and through their attorneys, Clark Hill PLC, hereby respond to Plaintiff's Complaint as follows:

## AS TO "INTRODUCTION" ALLEGATIONS

1. To the extent that Defendants Melnikoff and Sanders are included within the generally named "Defendants", they object to the inflammatory and unsupported characterization of their business activities and aver that the civil action referred to in this paragraph has no bearing on the issues in dispute and is included in this pleading to harass, oppress, intimidate, and for other improper purposes. To the extent this paragraph is interpreted as asserting allegations against Defendant Melnikoff and Defendant Sanders, they are denied.

2. To the extent that Defendants Melnikoff and Sanders are included within the generally named "Defendants", they object to the inflammatory and unsupported allegations in

this paragraph, and aver they are included in this paragraph to harass, oppress, intimidate, and for other improper purposes. To the extent this paragraph is interpreted as asserting allegations against Defendant Melnikoff and Defendant Sanders, they are denied.

3.      Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff Michael Samson, and to the extent this paragraph is interpreted as asserting allegations against Defendant Melnikoff and Defendant Sanders, they are denied.

4.      Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff Michael Samson, and to the extent this paragraph is interpreted as asserting allegations against Defendant Melnikoff and Defendant Sanders, they are denied.

5.      To the extent that Defendants Melnikoff and Sanders are included within the generally named "Defendants", they aver that they are not employers within the meaning of the federal or New York Worker Adjustment Retraining Notification ("WARN") Acts.

6.      To the extent that the allegations in this paragraph are interpreted as asserting claims against Defendants Melnikoff and Sanders, they are denied and Defendant Melnikoff and Defendant Sanders deny that Plaintiff is entitled to any relief and deny that this action is a proper FLSA Collective or Class Action or that Plaintiff is an appropriate representative for the putative collective or class action parties.

### AS TO "CLAIMS" ALLEGATIONS

7.      To the extent that the allegations in this paragraph are interpreted as asserting claims against Defendant Melnikoff and Sanders, they are denied and Defendant Melnikoff and Defendant Sanders deny that Plaintiff is entitled to any relief and deny that this action is a proper

FLSA Collective or Class Action or that Plaintiff is an appropriate representative for the putative collective or class action parties.

8.      To the extent that the allegations in this paragraph are interpreted as asserting claims against Defendants Melnikoff  and Sanders, they are denied and Defendant Melnikoff and Defendant Sanders deny that Plaintiff is entitled to any relief and deny that this action is a proper FLSA Collective or Class Action or that Plaintiff is an appropriate representative for the putative collective or class action parties.

9.      To the extent that the allegations in this paragraph are interpreted as asserting claims against Defendants Melnikoff and Sanders, they are denied and Defendant Melnikoff and Defendant Sanders deny that Plaintiff is entitled to any relief and deny that this action is a proper FLSA Collective or Class Action or that Plaintiff is an appropriate representative for the putative collective or class action parties.

10.      To the extent that the allegations in this paragraph are interpreted as asserting claims against Defendants Melnikoff and Sanders, they are denied and Defendant Melnikoff and Defendant Sanders deny that Plaintiff is entitled to any relief and deny that this action is a proper FLSA Collective or Class Action or that Plaintiff is an appropriate representative for the putative collective or class action parties.

## AS TO "JURISDICTION AND VENUE" ALLEGATIONS

11.      Defendants Melnikoff and Sanders acknowledge that the claims pleaded in the Complaint appear to make jurisdiction in this Court proper, but they deny that they are liable to Plaintiff or any putative class or collective member for any claim asserted in this action.

12.     Defendants Melnikoff and Sanders aver that this is statement of law to which no response is made and aver that a federal court has discretion to assert jurisdiction over pendant state claims.

13.     Defendants Melnikoff and Sanders acknowledge that the claims pleaded in the Complaint appear to make venue in this Court proper, but they deny that they are liable to Plaintiff or any putative class or collective member for any claim asserted in this action.

### AS TO "PARTIES" ALLEGATIONS

**As to "Plaintiff" Allegations**

14.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff Michael Samson and leave Plaintiff to his proofs thereon.

15.     Defendants Melnikoff and Sanders admit only that they engaged Plaintiff to work as a freelance as an independent contractor for the period March 15, 2023 through March 10, 2024.

**As to "Corporate Defendants" Allegations**

16.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

17.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

18.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

19.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon. They deny that they are senior executives of Infusion and Funderbolt.

20.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

## As to "Individual Defendants" Allegations

21.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Individual Defendants", they deny the allegations set forth in this paragraph and aver that they engaged Plaintiff to work as a freelance as an independent contractor and that Plaintiff is not a proper representative for any putative class or collective member.

22.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

23.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

24.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

25.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

26.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

27.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

28.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

29.     Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leave Plaintiff to his proofs thereon.

30.     Defendant Melnikoff admits only that he is a resident of Roslyn, New York and denies the remaining allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

31.     Defendant Sanders admits only that he is a resident of Port Washington, New York and denies the remaining allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

**As to "Defendants Comprise A 'Single Integrated Enterprise' and 'Joint Employer'" Allegations**

32.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

    a.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

b.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

c.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

d.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

e.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

f.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

g.　　Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

h.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

i.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

j.　　To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

k.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

l.     The allegations in this paragraph do not appear to make allegations against Defendants Melnikoff and Sanders; to the extent that these allegations are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

m.     Defendant Sanders denies the allegations set forth in this paragraph and he admits only that from time to time he provided Plaintiff with potential leads for him to

**As to "Conditions Precedent to Suit" Allegations**

33.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they admit as residents of the State of New York this Court has personal jurisdiction over them.

34.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

35.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

36.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

37.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph and aver that Plaintiff is not a proper representative of the putative class or collective members.

38.     To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they deny the allegations set forth in this paragraph.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

39. The allegations set forth in this paragraph do not appear to be directed to Defendants Melnikoff or Sanders; to the extent that this paragraph is interpreted as making allegations them they are denied. Defendant Melnikoff or Sanders aver that Plaintiff is not a proper representative of any putative collective or class action.

40. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied and Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as to the putative class or collective members and they leave Plaintiff to his proofs thereon.

41. To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them, Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

## AS TO "RULE 23 CLASS ACTION ALLEGATIONS"

42. The allegations set forth in this paragraph do not appear to be directed to Defendants Melnikoff or Sanders; to the extent that this paragraph is interpreted as making allegations them they are denied. Defendant Melnikoff or Sanders aver that Plaintiff is not a proper representative of any putative collective or class action.

43. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied and Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in this paragraph as to the putative class or collective members and they leave Plaintiff to his proofs thereon.

44.    To the extent that Defendants Melnikoff and Sanders are included within the general description of "Defendants", they are denied.

45.    To the extent that allegations set forth in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied. As to whether Plaintiff's claims are "essentially the same as those of Class Members," Defendants Melnikoff and Sanders are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs thereon.

46.    To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

47.    To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

48.    To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the

allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

49. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

50. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

51. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

52. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

53. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff is not a proper representative of the putative class or collective members and as to the allegations against them; Defendants Melnikoff and Sanders deny that the alleged claims are appropriate for class or collective action.

a. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

b. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

c. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

d. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

e. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

f. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

g. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

h. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

i. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

j. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

k. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

l. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

m. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

n.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

o.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

p.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

q.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

## AS TO "STATEMENT OF FACTS" ALLEGATIONS

### As to "Plaintiff's Employment With Defendants" Allegations

54.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied.

55.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action.

56.  To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor.

57.     The allegations in this paragraph do not appear to be directed to Defendants Melnikoff and Sanders; to the extent they are interpreted as making allegations against them, they are denied.

58.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

59.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

60.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

61.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

62.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

63.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

64.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

65.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

66.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

67.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that

Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

68. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

69. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

70. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent

contractor. Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

71.     Defendant Sanders denies the allegations set forth in this paragraph.

72.     The allegations in this paragraph do not appear to require a response and they deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff and putative class or collective members fee relationship with Plaintiff's counsel.

**As to "Plaintiff and Class Members Are Entitled to Recover Unpaid Minimum Wages" Allegations**

73.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor. As to the allegations relating to Plaintiff's alleged observations of other employees, Defendants Melnikoff and Sanders deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and leave Plaintiff to his proofs thereon.

**As to "Plaintiff and Class Members Are Entitled to Recover Unpaid Minimum Wages" Allegations**

74.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor.

**As to "Plaintiff, FLSA Collective Plaintiffs, and Class Members Are Entitled to Recover Unpaid Overtime" Allegations**

75.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor.

**As to "Plaintiff, FLSA Collective Plaintiffs, and Class Members Are Non-Exempt" Allegations**

76.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied and they aver that Plaintiff that the alleged claims are not appropriate for class or collective action. Defendants Melnikoff and Sanders aver that Plaintiff was not an employee, but a freelance independent contractor.

77.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

78.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

79.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

80.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

81.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

**As to "Plaintiff, FLSA Collective Plaintiffs And Class Action Members Were Employees, As Opposed To Independent Contractors" Allegations**

82.     Defendants Melnikoff and Sanders deny the allegations set forth in this paragraph.

83.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

84.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

85.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

86.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

87.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

88.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

89.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

**As to "Plaintiff and Class Members Are Entitled To Recovery of Unpaid Commissions and Double Damages Due to Defendants' Violations of NYLL 191 (1)(c) and/or NYLL 191-c" Allegations**

90.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

91.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

92.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

93.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

94.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

95.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

**As to "Plaintiff and Class Members Suffered Unlawful Deductions from Compensation in Violation of NYLL § 193" Allegations**

96.     The allegations set forth in this paragraph appear conclusions of law which do not require a response. To the extent that the allegations in this paragraph are interpreted as making claims against Defendants Melnikoff and Sanders, they are denied.

97.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

98.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

99.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

100.    To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied. Defendants Melnikoff and Sanders deny that the claims asserted herein are appropriate for class or collective action and that Plaintiff is a proper representative.

**As to "Plaintiff and Class Members Are Entitled to Recover Damages for Defendants' Conversion of their Earned Commissions" Allegations**

101.    The allegations set forth in this paragraph appear to be assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

102.    Defendants Melnikoff and Sanders deny the allegations set forth in this paragraph.

103.    Defendants Melnikoff and Sanders are without knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and deny that they have engaged in any wrongful conduct.

**As to "Plaintiff and Class Members Are Entitled to Recover Damages for Unjust Enrichment In View of Defendants' Misappropriate [sic] of Their Commissions of their Earned Commissions" Allegations**

104.    The allegations set forth in this paragraph include assertions of law to which no response is required. This paragraph also asserts factual allegations and Defendants Melnikoff and Sanders deny the allegations set forth in this paragraph.

105.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

106.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

107.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

108.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

109.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

110.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

111.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

112.     The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

113.     The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

114.     The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

115.     Defendants Melnikoff and Sanders deny the allegations set forth in this paragraph.

116.     Defendants Melnikoff and Sanders deny that they were required to comply with WARN as by its express terms WARN does not apply to them, and deny the allegations set forth in this paragraph.

117.     Defendants Melnikoff and Sanders deny that they were required to comply with WARN as by its express terms WARN does not apply to them, and deny the allegations set forth in this paragraph.

118.     Defendants Melnikoff and Sanders deny that they were required to comply with WARN as by its express terms WARN does not apply to them, and deny the allegations set forth in this paragraph.

119.     Defendants Melnikoff and Sanders deny that they were required to comply with WARN as by its express terms WARN does not apply to them, and deny the allegations set forth in this paragraph.

120.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

121.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

122.     Several of the allegations set forth in this paragraph appear to legal conclusions or beliefs as to the legislative purpose of the referenced statutes. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

123.     To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

## AS TO "STATEMENT OF CLAIM"

## ANSWERING COUNT I – VIOLATION OF THE FLSA

124.     Defendants Melnikoff and Sanders repeat and restate each and every one of the responses set forth in paragraphs 1 to 123 as if set forth at length herein. Defendants Melnikoff and Sanders deny that the allegations set forth in this paragraph.

125.     Defendants Melnikoff and Sanders deny that the allegations set forth in this paragraph.

126.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

127.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

128.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

129.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

130.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

131.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

## ANSWERING COUNT II – VIOLATION OF THE NEW YORK LABOR LAW

132.    Defendants Melnikoff and Sanders repeat and restate each and every one of the responses set forth in paragraphs 1 to 131 as if set forth at length herein.

133.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

134.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

135.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

136.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

137.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

138.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

139.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

140.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

141.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

## ANSWERING COUNT III – CONVERSION

142.    Defendants Melnikoff and Sanders repeat and restate each and every one of the responses set forth in paragraphs 1 to 141 as if set forth at length herein.

143.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

144.    The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

145.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

146.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

147.    To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

## ANSWERING COUNT IV – UNJUST ENRICHMENT

148.     Defendants Melnikoff and Sanders repeat and restate each and every one of the responses set forth in paragraphs 1 to 147 as if set forth at length herein.

149.     The allegations set forth in this paragraph include assertions of law to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted as making allegations against Defendants Melnikoff and Sanders, they are denied.

150.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

## ANSWERING COUNT V – FEDERAL WARN ACT

151.     Defendants Melnikoff and Sanders repeat and restate each and every one of the responses set forth in paragraphs 1 to 150 as if set forth at length herein.

152.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

153.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

154.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

155.     To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

## ANSWERING COUNT VI (IMPROPERLY REFERENCED AS IV) – NY WARN ACT

156.     Defendants Melnikoff and Sanders repeat and restate each and every one of the responses set forth in paragraphs 1 to 155 as if set forth at length herein.

157. To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

158. To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

159. To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

160. To the extent the allegations in this paragraph are directed against Defendants Melnikoff and Sanders, they are denied.

## AS AND TO THE PRAYER FOR RELIEF

161. Defendants Melnikoff and Sanders deny that Plaintiff and/or the putative class or collective members are entitled to any of the relief set forth in the Complaint's "Prayer for relief" and each of its subparts.

## AFFIRMATIVE DEFENSES

162. The Complaint, in whole or part, fails to state a claim against Defendants Melnikoff and Sanders upon which relief may be granted.

163. The individuals that Plaintiff seeks to represent, in whole or in part, were and are not employed by Defendants Melnikoff and Sanders.

164. The claims of Plaintiff and the individuals he seeks to represent fail to the extent they are barred, in whole or in part, by the applicable statute of limitations.

165. To the extent Melnikoff and Sanders are liable to Plaintiff or any other individual in this lawsuit, Defendants' conduct was neither willful nor wonton.

166. To the extent Melnikoff and Sanders are liable to Plaintiff or any other individual in this lawsuit, these individuals are not entitled to liquidated damages under 29 U.S.C. § 260

since, at all times relevant and material, Defendants acted in good faith and had reasonable grounds for believing that they did not violate the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

167. To the extent the alleged damages sought by Plaintiff or other individuals he seeks to represent relate to compensable activities or are owed, such damages are not recoverable because they are de minimus.

168. Defendants Melnikoff and Sanders were not employers within the meaning of federal, state or local law, including without limitation, the FLSA, federal WARN Act, the New York Labor Law, or the NY WARN Act.

169. Plaintiff, and the putative class or collective members, were not employees within the meaning of federal, state or local law, including without limitation, the FLSA, federal WARN Act, the New York Labor Law, or the NY WARN Act.

170. Defendants Melnikoff and Sanders did not request that Plaintiff or any other individual in this lawsuit work uncompensated or incorrectly compensated hours or overtime hours, nor did Defendants have reason to know that Plaintiff or any other individuals in this lawsuit were working any uncompensated or incorrectly compensated hours or overtime hours.

171. Plaintiff's claims are barred to the extent that Plaintiff did not work more than forty (40) hours in any given workweek, and therefore, would not be entitled to overtime compensation under federal, state or local law.

172. Plaintiff's claims are barred because Plaintiff was exempt by virtue of his employment status as an independent contractor, and/or employment classification as an exempt individual and not entitled to overtime compensation.

173. Defendants Melnikoff and Sanders did not receive any benefit from any of the claimed overtime hours allegedly performed by Plaintiff or any other individual in this lawsuit.

174. Plaintiff and the individuals he seeks to represent are estopped from bringing a cause of action under the FLSA or from receiving additional compensation because, to the extent they worked hours or overtime that were uncompensated they voluntarily, and without Defendants' knowledge, did not properly record their hours of work, accepted the denominated rate of pay, and/or failed to comply with the prevailing terms, conditions, policies, and procedures governing their employment, including the policies and procedures governing overtime.

175. To the extent the Defendants were required to keep records or provide Plaintiff with notices pursuant to NYLL § 195, Defendants complied with such requirements, and even if such records were missing or incomplete, or if Plaintiff was not provided with a notice required by that Section, Plaintiff's claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the NYLL.

176. Defendants Melnikoff and Sanders took reasonable measures to prevent and correct any alleged violations of the FLSA, and Plaintiff and any other individual who is party to this lawsuit failed to take advantage of corrective opportunities provided or to otherwise avoid harm.

177. At all times, Defendants Melnikoff and Sanders acted in good faith, without ill motive, and in an effort to reasonably comply with federal, state or local law, and with a belief that any pay practices attributed to them were in compliance with federal, state or local law.

178. To the extent that Defendants Melnikoff and Sanders are found to have violated the FLSA and/or the NYLL (and Defendants deny any such violation), any non-compliant conduct was inadvertent or the product of neglect and not willful conduct.

179.     Defendants Melnikoff and Sanders were not unjustly enriched and did not convert any sums belonging to Plaintiff.

180.     Any injury or harm to Plaintiff, or the putative class or collective members, which is denied, was caused by others over whom Defendants Melnikoff and Sanders did not exercise control or supervision.

181.     Plaintiff's claims are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under applicable law, including time traveling to and from the actual place of performance of the principal activities that Plaintiff is employed to perform, and for activities that are preliminary, postliminary, or de minimis.

182.     Defendants are entitled to an offset for all monies paid to Plaintiff for any hours not worked.

183.     Plaintiff is not entitled to liquidated damages under the FLSA or NYLL.

184.     Defendants Melnikoff and Sanders are not enterprises covered by the FLSA.

185.     Defendants Melnikoff and Sanders did not operate as a single integrated enterprise, and/or are not a joint employer for the purposes of the FLSA or the NYLL.

186.     Plaintiff is not similarly situated to any other putative employee-claimant with respect to any violation of the FLSA and otherwise fails to satisfy the requirements of 29 U.S.C. §216 and FRCP 23. To the extent any unnamed class and/or collective action members have filed inadmissible or inappropriate consents, or not filed a written consent with the Court at all, those unnamed class and/or collective action members' claims shall not be considered to have "commenced.

187.     The claims of the putative class or collective action members are barred to the extent they do not fall within the class and/or collective action definition.

188.     Putative Plaintiffs are not appropriate class members, and this action cannot be maintained as a class or collective action under applicable law.

189.     Defendants oppose collective action and/or class action certification and dispute the propriety of collective or class treatment. If the Court certifies a collective or class action in this case over Defendants' objections, then Defendants assert the applicable affirmative and other defenses set forth herein against each and every member of the certified class or collective action.

190.     Plaintiff's proposed state law class action claims are subject to dismissal as preempted or otherwise procedurally inconsistent with the Fair Labor Standards Act, and pendent jurisdiction does not apply and/or is inappropriate with respect to these causes of action.

191.     Plaintiff's claims are, in whole or in part, frivolous, unreasonable, and groundless, and accordingly, Defendants are entitled to an award of their attorneys' fees and costs associated with the defense of this action.

192.     Without discovery, Defendants cannot determine the extent to which Plaintiff's claims may be barred by any remaining affirmative or other defenses. Thus, as separate and alternative defenses to the Complaint, Defendants reserve their right to assert all affirmative and other defenses as appropriate.

**WHEREFORE**, Defendants Melnikoff and Sanders having fully answered hereby request that this Honorable Court:

a.     Dismiss Plaintiff's Complaint, and purported Class and Collective Action Complaint, in its entirety, with prejudice;

b.     Enter judgment in their favor; and

c.     Award Defendants Melnikoff and Sanders their costs, attorneys' fees and grant such further equitable and legal relief deemed just and proper.

Respectfully submitted,

CLARK HILL PLC

*/s/ Vanessa M. Kelly*
*/s/ John DeRose*
Vanessa M. Kelly, Esq.
1180 Avenue of Americas
19th Floor, Suite 1910
New York, New York 10036

\* \* \* \* \* \*

10 Carnegie Center
Suite 102
Princeton, NJ 08540
609.785.2926
vkelly@clarkhill.com

John DeRose, Esq.
Two Commerce Sq.
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8420
JDerose@clarkhill.com

*Attorneys for Defendants,*
*Matthew Melnikoff and Mark Sanders*

Dated: June 21, 2024

## <u>CERTIFICATE OF SERVICE</u>

 The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the Court's ECF docket as of June 21, 2024.


Dated: June 21, 2024       <u>/s/ *Vanessa M. Kelly*</u>